IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 19-24395-JAD |
| | : | Chapter 7 |
| John R. Belashek. | : | |
| | : | |
| Debtor. | : | Date and Time of Hearing: |
| | : | January 7, 2020, at 10:00 a.m. |
| | : | |
| Kathleen Barrett as Executrix of the | : | Response Deadline: |
| Estate of Warren R. Capenos, | : | December 23, 2019 |
| | : | |
| Movant, | : | |
| v. | : | |
| | : | |
| John R. Belashek, | : | |
| | : | |
| Respondent. | : | |

**MOTION TO SCHEDULE A HEARING ON AN OBJECTION TO CLAIMED EXEMPTION AND FOR LIMITED DISCOVERY**

Kathleen Barrett as Executrix of the Estate of Warren R. Capenos, by and through her attorneys, Del Sole Cavanaugh Stroyd LLC, respectfully requests that this Court disallow the exemption for a personal residence claimed in the Debtor's Petition and grant limited discovery.

**Factual Background**

1. On November 11, 2019, John R. Belashek (Debtor) filed a Chapter 7 Petition (ECF 1), which asserted that all property owned by the Debtor was exempt under 11 U.S.C. § 522(d)(1-5).

2. Warren R. Capenos and the Debtor entered into an Article of Agreement (Exhibit 1) dated July 15, 2004 related to the Debtor's interest in 516 Kittanning Hollow Road, East Brady PA 16028 (Real Estate).

1

3. In the Debtor's Bankruptcy Petition (ECF 1, p. 16), he alleges that the Real Estate is only worth $20,000.

4. The Article of Agreement provided that the purchase price of the Real Estate in July of 2004 was $39,900.

5. Warren R. Capenos claimed that the Debtor had breached the Article of Agreement by failing to pay over $20,000 owed under the Agreement.

6. A lawsuit seeking those damages was commenced in the Court of Common Pleas of Armstrong County, Pennsylvania on August 11, 2017.

7. On November 11, 2017, Mr. Capenos passed away and his daughter, Kathleen Barrett was substituted in his place in the Armstrong County litigation.

8. The Armstrong County litigation was scheduled for an arbitration on November 12, 2019 (Exhibit 2) but by Order dated November 12, 2019 was continued indefinitely after the Debtor filed for Bankruptcy (Exhibit 3).

9. The Debtor's Petition includes the claim in the Armstrong County litigation as a disputed debt of the debtor's estate (ECF 1, p. 19).

10. Thus, Ms. Barrett, as executrix of her father's estate and creditor of the Debtor's estate, has standing to bring an objection to the asserted exemption.

**Request for an Evidentiary Hearing**

11. Under Fed. R. Bankr. P. 4003(b), objections to property claimed as exempt must be filed 30 days after the meeting of the creditors or 30 days after an amended list of exempt property is filed, whichever is later.

12. This objection is timely pursuant to Rule 4003(b) as it is filed before the meeting of creditors currently scheduled for December 13, 2019.

13.  Rule 4003(b) has not provided a procedural method for filing an objection. See e.g., In re Lee, 889 F.3d 639, 642 (9th Cir. 2018).

14.  Rule 4003(c) places the burden of proof to establish the objection to the disputed exemption on the party raising the objection and "the court shall determine the issues presented by the objections" after a hearing with notice given to all parties.

15.  This Motion is brought pursuant to Fed. R. Bankr. P. 9013 to ask this Court to schedule an evidentiary hearing on the objection to the exemption as set forth in the following paragraphs of this Motion.

## Objection to the Debtor's Exemption

16.  Section 522(d)(1) exempts the Debtor's interest in real property used as a residence up to $25,150.[1] 11 U.S.C. § 522(d)(1).

17.  In this case, the Debtor has improperly listed the value of the Real Estate to be $20,000 to entirely fit within the exemption, when the Real Estate is worth in excess of $20,000.

18.  The Debtor purchased the property 15 years ago for $39,900. See Exhibit 1.

19.  The Debtor, however, now claims that the Real Estate has depreciated from $39,900 to $20,000 over the past 15 years.

20.  In the Armstrong County litigation, the Debtor testified at his deposition that he had made improvements to the property. (An excerpt of the deposition transcript is attached as Exhibit 4).

21.  Upon information and belief, the Real Estate has significantly increased in value due to the improvements made by the Debtor to the property.

---

[1] See https://www.federalregister.gov/documents/2019/02/12/2019-01903/revision-of-certain-dollar-amounts-in-the-bankruptcy-code-prescribed-under-section-104a-of-the-code (last accessed Nov. 26, 2019).

22. Upon information and belief, the value of the Real Estate has appreciated during the 15 years since the execution of the Article of Agreement.

23. Upon information and belief, the value of the Real Estate exceeds the exempt amount in the Bankruptcy code so the exemption should be denied as to the value of the property in excess of the statutorily exempt amount.

### Other Request for Relief

24. In addition, Ms. Barret asks this Court to allow limited discovery in this case to permit her to retain a real estate appraiser to inspect and appraise the property before the hearing requested herein.

25. As Ms. Barret's objection stems entirely from a dispute as to the value of the Real Estate, a real estate appraisal would materially aid this Court's resolution of her objection.

WHEREFORE, Ms. Barret, respectfully requests that this Court enter an order allowing for discovery limited to her conducting a real estate appraisal of the Real Estate and schedule an evidentiary hearing on her objection.

DEL SOLE CAVANAUGH STROYD LLC

Date: December 6, 2019

*/s/ Zachary N. Gordon*
Zachary N. Gordon
PA ID No. 318808
zgordon@dscslaw.com
*Counsel for Creditor, Kathleen Barrett,*
*Executrix of the Estate of Warren Capenos*
3 PPG Place, Suite 300
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Schedule a Hearing on an Objection to Claimed Exemption and for Limited Discovery was served on this date using this Court's electronic filing system upon all counsel of record. Pursuant to Fed. R. Bankr. P. 4003, a copy has also been mailed to the trustee, the debtor, and the debtor's attorney as follows:

**Lisa M. Swope**
Neugebauer & Swope, P.C.
219 South Center Street
P. O. Box 270
Ebensburg, PA 15931
*U.S. Trustee*

**Office of the United States Trustee**
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

**John R Belashek**
516 Kittanning Hollow Road
East Brady, PA 16028
*Debtor*

**Gary H. Simone**
Rishor Simone
Suite 208, 101 E. Diamond St.
Butler, PA 16001
*Counsel for the Debtor*


Date: December 6, 2019                    */s/ Zachary N. Gordon*
                                          Zachary N. Gordon